■ NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION et al., Appellants, v DOROTHY DOERING et al., Respondents, et al., Defendant.—In an action for a judgment declaring that a certain insurance policy was validly canceled, the plaintiffs appeal (1) from an order and judgment (one paper) of the Supreme Court, Queens County (Di Tucci, J.), dated April 28, 1989, which (a) granted the respondents' respective motions for summary judgment, (b) denied the plaintiffs' cross motion for summary judgment, and (c) declared that the plaintiff Selective Insurance Company of

America has a duty to defend and indemnify the defendant Richard L. Lam concerning an automobile accident which occurred on November 13, 1984, in the County of Queens, and (2), as limited by their brief, from so much of an order of the same court, dated October 26, 1989, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order and judgment dated April 28, 1989, is dismissed, as that order and judgment was superseded by the order dated October 26, 1989, made upon reargument; and it is further,

Ordered that the order dated October 26, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents Dorothy Doering, Henry Doering and Rosemary Bachman are awarded one bill of costs.

We agree with the Supreme Court's determination that the plaintiff Selective Insurance Company of America should be equitably estopped from denying coverage under the policy issued to its insured Richard L. Lam *(see, Hartford Ins. Group v Mello,* 81 AD2d 577; *cf., Schiff Assocs. v Flack,* 51 NY2d 692). Since the policy in question was issued in New Jersey by a New Jersey insurer, we note that the law of that State applies to the question of whether there had been an effective cancellation *(see, Employers' Liab. Assur. Corp. v Aresty,* 11 AD2d 331, 333, *affd* 11 NY2d 696). Under the circumstances of this case, we conclude that the plaintiff insurer would have been barred under applicable New Jersey law from asserting that the subject policy had been canceled *(see, Bonnet v Stewart,* 68 NJ 287, 344 A2d 321; *Merchants Indem. Corp. v Eggleston,* 37 NJ 114, 179 A2d 505). Accordingly, the Supreme Court properly declared that the insurer has a duty to defend and indemnify Richard L. Lam concerning the accident which occurred on November 13, 1984. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.