■ CHARLES FICARRO, Appellant, v AARP, INC., Defendant, and HARTFORD INSURANCE COMPANY, INC., Respondent. [613 NYS2d 771] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Rose, J.), entered August 18, 1993 in Broome County, which granted a cross motion by defendant Hartford Insurance Company, Inc. for summary judgment dismissing the complaint against it.

Plaintiff's motor vehicle was involved in an accident and defendant Hartford Insurance Company, Inc. (hereinafter defendant) disclaimed coverage, claiming that plaintiff's automobile liability policy had been canceled for nonpayment of premiums prior to the accident. Plaintiff, who denies receiving any notice of cancellation, instituted this suit for breach of contract. After issue was joined, plaintiff moved to compel defendant to produce for deposition certain named employees assertedly involved in mailing cancellation notices. Defendant opposed that motion and also cross-moved for summary judgment dismissing the complaint. The cross motion was granted and plaintiff appeals.

In support of its cross motion, defendant submitted a copy of

the notice of cancellation, a "Certificate of Bulk Mailing" which recites that 341 pieces of mail were in fact mailed on the day that plaintiff's cancellation notice was purportedly sent, and a copy of an annotated list showing 341 names and addresses, including plaintiff's, to which notices were allegedly mailed on that day. These items, defendant argues, are sufficient to meet the requirements of Vehicle and Traffic Law § 313 (1) (b), which provides that an insurer's retention of a copy of the notice of termination and a certificate of mailing, obtained from the postal service, conclusively proves that the notice was actually mailed (see, Holmes v Utica Mut. Ins. Co., 92 AD2d 1045, 1045-1046). Supreme Court concurred in this assessment and, accordingly, dismissed the complaint against defendant.

We reverse. Given that the "Certificate of Bulk Mailing" proffered by defendant, unlike the document ordinarily referred to as a "Certificate of Mailing", does not indicate the names or addresses to which the items have actually been mailed, the information contained therein is no way probative of whether a notice was actually mailed to plaintiff (cf., Matter of Government Empls. Ins. Co. [Hartford Ins. Co.], 112 AD2d 226, 227). As noted in the uncontroverted affidavit attested to by Michael Gaynor, described in plaintiff's answering papers as a Postmaster in the United States Postal System, the document submitted by defendant is not considered by that agency to be a "certificate of mailing" but rather a receipt for the payment of proper postage.

Inasmuch as the statute does not define the term "certificate of mailing", and we find nothing to suggest that the Legislature intended that any postal service document containing those words within its title, regardless of its content, would provide the foundation for a conclusive presumption of mailing, we cannot agree with defendant's assertion that the words of the statute "unambiguously" lead to such a result. Interpreting them in this manner is unacceptable, for it produces a result at variance with the statute's intended purpose (see, Zappone v Home Ins. Co., 55 NY2d 131, 137; New York State Bankers Assn. v Albright, 38 NY2d 430, 436-437; McKinney's Cons Laws of NY, Book 1, Statutes § 143). Defendant's reliance upon Diaz v Great Am. Ins. Co. (109 AD2d 775) as justifying its contention that a certificate of bulk mailing meets the statutory requirements is misplaced, for it appears that there the document tendered as a "certificate of mailing" did, in fact, contain the names and addresses of each addres-

see *(see,* Domestic Mailing Manual former § 931.5), unlike the form at issue here.

Nor do we find, on this record, that defendant has met the common-law requirements needed to establish mailing of a cancellation notice *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828, 829-830; *Anzalone v State Farm Mut. Ins. Co.,* 92 AD2d 238, 240). Although defendant's cross-checking procedure, in which the sum of premium amounts due on its daily list of proposed cancellations is compared with the sum of amounts due from the notices themselves, furnishes some indication that a notice was generated for plaintiff, there is still no proof that the notice was properly placed in an envelope addressed to him or that the envelope was actually mailed *(see, Matter of Government Empls. Ins. Co. [Hartford Ins. Co.], supra,* at 227; *see also, Ackler v Nationwide Mut. Ins. Co.,* 87 AD2d 730).

As for plaintiff's motion to compel defendant to produce specific employees for deposition, Supreme Court rightly concluded that unless and until plaintiff demonstrates that the person chosen to speak on behalf of defendant (here, defendant's director of underwriting) is ignorant of the pertinent facts, defendant can select the person to be deposed on its behalf *(see, Tower v Chemical Bank,* 140 AD2d 514, 515).

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and cross motion denied.