■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v JOSEPH VANBLARCOM, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant. [641 NYS2d 698] —In a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured motorist claim, Allstate Insurance Company appeals from an order of the Supreme Court, Westchester County (Fredman, J.), dated May 10, 1995, which, after a hearing, permanently stayed arbitration.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On February 22, 1995, a hearing was conducted to determine

whether the offending vehicle was insured on February 18, 1993, the date of the accident. At the hearing, the petitioner offered into evidence a police report identifying the offending vehicle as having been insured by the appellant on the date of the accident and a Department of Motor Vehicles Registration Plate Record which indicated that the registration on the offending vehicle was renewed on July 21, 1992, and again on July 18, 1994. This evidence made out a prima facie showing of coverage (*see, Matter of Allstate Ins. Co. v Karadag,* 205 AD2d 531).

The appellant's underwriter testified that the appellant cancelled the policy of the owner of the offending vehicle on December 8, 1991, and that a search which she conducted of the appellant's records failed to reveal that the appellant thereafter ever reinstated its insured's policy or issued another policy to her.

Under these circumstances, we conclude that the appellant's evidence was insufficient to overcome the petitioner's showing that the offending vehicle was insured on the day of the accident (*cf., Matter of Allstate Ins. Co. v Karadag, supra*). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.