■ In the Matter of INTEGON INSURANCE COMPANY, Respondent, v ISABELLA GARCIA et al., Respondents, and MARKEL INSURANCE COMPANY, Appellant. [721 NYS2d 660] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Markel Insurance Company appeals from (1) an order of the Supreme Court, Suffolk County (Mullen, J.), dated March 10, 2000, which granted the petition, and (2) so much of an order of the same court, dated August 30, 2000, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated March 10, 2000, is dismissed, as that order was superseded by the order dated August 30, 2000, made upon reargument; and it is further,

Ordered that the order dated August 30, 2000, is reversed insofar as appealed from, upon reargument, the petition is denied, the proceeding is dismissed, and the order dated March 10, 2000, is vacated; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the petitioner-respondent.

On February 28, 1999, the respondent, Isabella Garcia, was involved in an accident with two other drivers. Garcia was insured by the petitioner, Integon Insurance Company (hereinafter Integon), and one of the other drivers, K. Jermaine Kouakou, was insured by the appellant, Markel Insurance Company (hereinafter Markel). Kouakou was a resident of Rhode Island, held a Rhode Island driver's license, registered his car in Rhode Island, and obtained the policy of insurance from Markel in Rhode Island, which policy was executed in that State as well.

After the accident, Garcia determined that on December 29, 1998, Markel had sent a notice of cancellation to Kouakou for nonpayment of the insurance premium with an effective date of January 10, 1999. The notice of cancellation provided the minimum 10-day notice required under Rhode Island law (*see,* RI Gen Law § 27-29-13). Garcia then demanded arbitration of an uninsured motorist claim from Integon. Integon commenced this proceeding to permanently stay arbitration on the ground that Markel's notice of cancellation was ineffective pursuant to New York law, which required a minimum of 15 days notice (*see,* Vehicle and Traffic Law § 313 [1] [a]). The Supreme Court granted the petition and permanently stayed arbitration. Markel moved, *inter alia,* for reargument, arguing that the law of Rhode Island applies. The Supreme Court adhered to its prior determination.

It is undisputed that there is a conflict between the law of New York (*see,* Vehicle and Traffic Law § 313 [1] [a]), which requires a minimum of 15 days notice for cancellation of coverage based upon nonpayment of premiums, and the law of Rhode Island (*see,* RI Gen Law § 27-29-13), which requires only 10 days notice for cancellation based upon nonpayment of premiums. Where there is a conflict of law relating to an insurance policy, the conflict must be resolved by application of the conflict of law rules relevant to contracts (*see, Zurich Ins. Co. v Shearson Lehman Hutton,* 84 NY2d 309; *Matter of Allstate Ins. Co. [Stolarz],* 81 NY2d 219; *Matter of Eagle Ins. Co. v Singletary,* 279 AD2d 56). The courts apply the "center of gravity" or "grouping contacts" inquiry, considering such significant contacts as the place of contracting, the place of negotiation and performance, the location of the subject matter of the

contract, and the domicile or place of business of the contracting parties (*Zurich Ins. Co. v Shearson Lehman Hutton, supra,* at 317; *see, Matter of Eagle Ins. Co. v Singletary, supra*).

Contrary to the Supreme Court's determination, Rhode Island has the most significant contacts with the parties involved and the Markel policy of insurance. Markel's insured is a Rhode Island resident with a Rhode Island driver's license and a car registered in Rhode Island. It is undisputed that Markel, a company doing business in Rhode Island, issued the policy of insurance in Rhode Island through the Rhode Island Assigned Risk Unit, and the policy provides for the application of Rhode Island law. Furthermore, the notice of cancellation adheres to the law of Rhode Island. By contrast, New York is merely the situs of the accident and the domicile of the other parties involved. Accordingly, the Supreme Court erred in applying Vehicle and Traffic Law § 313 to render Markel's notice of cancellation ineffective. Since the notice of cancellation was effective, and Kouakou did not have insurance coverage at the time of the accident, Garcia is entitled to arbitration of an uninsured motorist claim. Friedmann, J. P., Florio, Luciano and Feuerstein, JJ., concur.