(December 17, 2001)

■ AIU Insurance Company, Appellant, v Avis Rent A Car System, Inc., Respondent. [739 NYS2d 82] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify Blossom Bacchus in an action entitled *Malcolm v Avis Rental Car,* pending in the Supreme Court, Kings County, under Index No. 35385/99, the plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), entered August 8, 2000, which denied its motion for summary judgment.

Ordered that the order is modified by deleting the provision thereof denying the motion in its entirety and substituting therefor a provision granting that branch of the plaintiff's motion which was for summary judgment declaring that the defendant is obligated to indemnify Blossom Bacchus in the underlying action to the extent that the defendant is obligated to provide excess liability coverage to Blossom Bacchus in an amount up to the statutory minimum liability coverage provided under the rental agreement, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that upon searching the record, summary judgment is granted to the defendant Avis Rent A Car System, Inc., to the extent that it is declared that Avis Rent A Car System, Inc., is not obligated to defend Blossom Bacchus in the underlying action; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

Blossom Bacchus, a New York resident, was driving a car owned by the defendant, Avis Rent A Car System, Inc. (hereinafter Avis), when she was involved in an accident in Staten Island. The car had been rented in North Carolina by Anita Marks, a North Carolina resident, and was registered in that State. Avis was self-insured under North Carolina law. Bacchus was given the keys to the car by a purported relative of

Marks in New York. Sophia Malcolm, a passenger in the car, allegedly was injured, and she commenced the underlying action against Avis, Bacchus, and the operator and owner of the other car involved in the accident. Bacchus had purchased her own automobile policy from the plaintiff, AIU Insurance Company (hereinafter AIU). Avis refused to defend and indemnify Bacchus in the action brought by Malcolm on the ground that the liability coverage provided under the rental agreement was excess to the coverage provided Bacchus under her policy with AIU. AIU commenced this action for a judgment declaring that Avis's liability coverage was primary and that Avis was required to defend and indemnify Bacchus in the Malcolm action.

Avis's rental agreement included a provision to the effect that the statutory minimum liability coverage provided to the driver was excess to any liability coverage available to the driver from any other source. While this provision is enforceable under North Carolina law (*see, Integon Indem. Corp. v Universal Underwriters Ins. Co.*, 342 NC 166, 463 SE2d 389; *Hertz Corp. v New South Ins. Co.*, 129 NC App 227, 497 SE2d 448; *Jeffreys v Snappy Car Rental*, 128 NC App 171, 493 SE2d 767), it is not enforceable under New York law (*see, ELRAC v Ward*, 96 NY2d 58).

Applying the "grouping of contacts" analysis to this conflict of laws issue (*see, Matter of Allstate Ins. Co. [Stolarz—N.J. Mfrs. Ins. Co.]*, 81 NY2d 219), North Carolina law applies, as that was where the contract was made, where the renter was domiciled, and the car was registered. The liability insurance provision conformed to North Carolina law (*see, Matter of Integon Ins. Co. v Garcia*, 281 AD2d 480; *Eagle Ins. Co. v Singletary*, 279 AD2d 56). New York's interest in ensuring that an innocent injured party has recourse to a financially-responsible vehicle owner does not require a different result, as Avis does provide liability coverage, albeit secondary to Bacchus's coverage. Accordingly, we conclude that Avis's liability coverage is excess to that provided by AIU, and, upon searching the record, declare that Avis is not obligated to defend Bacchus in the underlying action.

Avis failed to offer any evidence to refute Bacchus's deposition testimony that she was operating the car with the consent of Marks's purported relative. We conclude that, under North Carolina law, she would be considered in lawful possession of the car (*see, American Tours v Liberty Mut. Ins. Co.*, 315 NC 341, 338 SE2d 92; *Insurance Co. v Aetna Life & Cas. Co.*, 88 NC App 236, 362 SE2d 836). Therefore, Avis's contention that

it is not required to indemnify Bacchus is without merit. However, as Avis's coverage is excess under the particular circumstances here, it is only required to provide coverage to Bacchus if a judgment entered against her exceeds the coverage available under her policy with AIU, and then only in an amount up to the statutory minimum liability coverage provided in the rental agreement (*see, Insurance Co. v Aetna Life & Cas. Co., supra*). Altman, J. P., H. Miller, Smith and Cozier, JJ., concur.