■ In the Matter of LUMBERMENS MUTUAL CASUALTY COMPANY et al., Respondents, v ROBERTO QUINTERO et al., Appel-

lants, and WCC et al., Respondents. [762 NYS2d 82] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Queens County (Thomas, J.), dated May 21, 2002, which, after a hearing, granted the petition.

Ordered that the judgment is affirmed, with costs.

In a proceeding to stay arbitration of a claim for uninsured motorist benefits, the claimants' insurer has the initial burden of proving that the offending vehicle was insured at the time of the accident, and thereafter the burden is on the party oppos-. ing the stay to rebut that prima facie showing (see Matter of Eagle Ins. Co. v Tichman, 185 AD2d 884, 886 [1992]). In this case, at the hearing, the appellants' insurer made a prima facie showing that the offending tractor was insured on the date of the subject accident. In response to such showing, neither the appellants nor the additional respondents offered any probative evidence to rebut that prima facie case. Thus, the Supreme Court properly granted a stay of arbitration of the claim for uninsured motorist benefits on the ground that the offending tractor was insured on the day of the accident (see Matter of Wausau Ins. Co. v Predestin, 114 AD2d 900 [1985]).

We reject the appellants' contention that their insurer should be estopped from denying coverage of their uninsured motorist claims for failure to timely disclaim. An insurer has no obligation to timely disclaim in those situations in which coverage does not exist (see Matter of State Farm Mut. Ins. Co. v Vazquez, 249 AD2d 312 [1998]). Therefore, the appellants' insurer was not required to timely disclaim, as the uninsured motorist coverage of the policy would not attach unless and until it was established that the offending vehicle was uninsured on the date of the accident (see Matter of Nationwide Ins. Co. v Sillman, 266 AD2d 551, 552 [1999]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.