■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v LINDA ALSTON, Respondent, et al., Proposed Additional Respondents. [762 NYS2d 522] —In a proceeding pursuant to CPLR 7503 to stay an arbitration of a claim for uninsured motor vehicle benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered September 23, 2002, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination as to whether the insurance policy issued by Ohio Casualty of New Jersey, Inc., was in force at the time of the accident; and it is further,

Ordered that arbitration is temporarily stayed pending that hearing and determination; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

We agree with the Supreme Court that New Jersey law applies in determining whether the insurance policy issued by Ohio Casualty of New Jersey, Inc., was in effect at the time of the accident (*see New Jersey Auto. Full Ins. Underwriting Assn. v Doering,* 172 AD2d 808, 809 [1991]). However, the Supreme Court should have held a hearing to determine whether the purported cancellation was proper and effective under New Jersey law and, if so, whether or not the policy was reinstated (*see Matter of State Farm Ins. Co. v Vanblarcom,* 226 AD2d 732 [1996]). Accordingly, we remit the matter to the Supreme

Court, Nassau County, for such a hearing and a new determination. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.