■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v JEAN GUERRIER et al., Respondents, and INTEGON INDEMNITY CORP., Appellant. [763 NYS2d 772] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Integon Indemnity Corp. appeals from an order of the Supreme Court, Westchester County (Friedman, J.H.O.), dated February 18, 2002, which,

after a hearing, granted the petition and permanently stayed the arbitration. The appeal brings up for review so much of an order of the same court dated June 5, 2002, as, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated February 18, 2002, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 5, 2002, made upon reargument; and it is further,

Ordered that the order dated June 5, 2002, is affirmed insofar as reviewed, without costs or disbursements.

On August 16, 1997, the respondent, Jean Guerrier, a pedestrian on Pennsylvania Avenue in Kings County, was struck by a motor vehicle driven by North Carolina resident Shauntu Duron Hamilton and registered to North Carolina resident Angela D. Hamilton. Guerrier filed a demand for arbitration of an uninsured motorist claim pursuant to an automobile insurance policy issued by the petitioner, Liberty Mutual Insurance Company (hereinafter Liberty Mutual). Liberty Mutual commenced this proceeding to stay the arbitration, alleging that the Hamilton vehicle was insured by the appellant Integon Indemnity Corp. (hereinafter Integon) at the time of the accident. Integon opposed the petition, alleging that the insurance policy on the Hamilton vehicle was canceled for nonrenewal effective June 15, 1997, and that the vehicle was not covered by an Integon insurance policy on the date of the accident, August 16, 1997. After a hearing, the Supreme Court granted the petition and permanently stayed the arbitration, finding that Integon did not submit evidence at the hearing sufficient to prove cancellation of the insurance policy in June 1997, and concluding that Integon was the liability carrier on the Hamilton vehicle on the date of the accident. Upon granting Integon's motion for reargument, the Supreme Court adhered to its prior determination, stating that the prior determination was based upon the laws of the State of North Carolina.

The Supreme Court properly concluded that the laws of North Carolina were controlling (*see Zurich Ins. Co. v Shearson Lehman Hutton,* 84 NY2d 309 [1994]; *Matter of Allstate Ins. Co. [Stolarz],* 81 NY2d 219 [1993]; *Matter of Integon Ins. Co. v Garcia,* 281 AD2d 480 [2001]; *Matter of Eagle Ins. Co. v Singletary,* 279 AD2d 56 [2000]). Applying the "grouping of contacts" analysis to the issue, North Carolina was the place where the insurance contract was made, the insured was domiciled, and the vehicle was registered (*see AIU Ins. Co. v*

*Avis Rent A Car Sys.,* 289 AD2d 346 [2001]; *Matter of Integon Ins. Co. v Garcia, supra).*

At the hearing, Liberty Mutual made a prima facie showing that the Hamilton vehicle was insured by Integon at the time of the accident by submitting the certification of the official custodian of records for the North Carolina Department of Transportation, Division of Motor Vehicles (hereinafter the Division of Motor Vehicles) *(see Matter of Lumbermens Mut. Cas. Co. v Quintero,* 305 AD2d 684 [2003]; *Matter of State Farm Ins. Co. v Vanblarcom,* 226 AD2d 732 [1996]; *Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884 [1992]). Thereafter, the burden was on Integon to prove that the vehicle was not insured at the time of the accident *(see Matter of State Farm Ins. Co. v Vanblarcom, supra; Matter of Eagle Ins. Co. v Tichman, supra).* Although, under the law of North Carolina, Integon was not required to show notification to the Division of Motor Vehicles of the alleged nonrenewal of Hamilton's auto insurance policy as a condition precedent to effective termination of the policy *(see Allstate Ins. Co. v McCrae,* 325 NC 411, 384 SE2d 1 [1989]), Integon failed to offer probative evidence sufficient to rebut the petitioner's prima facie case and to prove that the insurance contract was validly terminated prior to the date of the accident *(see Matter of Lumbermens Mut. Cas. Co. v Quintero, supra).* Thus, the Supreme Court properly stayed arbitration of the claim for uninsured motorist benefits on the ground that the vehicle was insured by Integon on the date of the accident. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.