■ In the Matter of METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Respondent, v JEAN G. CARPENTIER, Appellant. [777 NYS2d 146]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, the appeal is from an order of the Supreme Court, Kings County (Rosenberg, J.), dated May 27, 2003, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The appellant, while driving a motor vehicle insured by the petitioner Metropolitan Property & Casualty Insurance Company (hereinafter Metropolitan), allegedly was injured when his vehicle was struck from the rear by a vehicle owned and operated by a nonparty Ibrahima Bah and insured by a nonparty Reliance National Indemnity Company (hereinafter Reliance). Thereafter, Reliance was determined to be insolvent and was placed in liquidation. Its New York assets were liquidated by the Superintendent of Insurance of the State of New York Insurance Department (hereinafter the Insurance Department). The Insurance Department wrote to Bah stating that although the underlying accident was covered by the New York Public Motor Vehicle Liability Security Fund (hereinafter the PMV Fund), "[a]t this time, the PMV Fund is unable to provide either a defense to or indemnification of this claim insofar as the PMV Fund is financially strained." Thereafter, the appellant demanded supplementary uninsured motorist benefits from Metropolitan pursuant to his policy. Metropolitan commenced this proceeding to stay arbitration of that demand. Metropolitan contended that the appellant was not entitled to supplementary uninsured motorist benefits (hereinafter SUM benefits) under his policy because the Bah vehicle was not "uninsured" given the coverage available from the PMV Fund. The Supreme Court granted the petition and permanently stayed arbitration. We reverse.

Where, as here, an insured has purchased SUM benefits (see Insurance Law § 3420 [f] [1]; 11 NYCRR 60-2.3), as opposed to merely compulsory uninsured motorist benefits (see Insurance Law § 3420 [f] [2]), the insured is entitled to seek such benefits upon the insolvency of the alleged tortfeasor's insured and need not proceed against the PMV Fund (see Matter of American Mfrs. Mut. Ins. Co. v Morgan, 296 AD2d 491 [2002]; 11 NYCRR 60-2.3 [f] [I] [c] [3] [iii]; cf. Matter of Eagle Ins. Co. v St. Julian, 297 AD2d 737 [2002]). Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.