■ In the Matter of Eagle Insurance Company, Appellant, v Daniel Rodriguez, Respondent. DNA Transport, Inc., et al., Proposed Additional Respondents. [790 NYS2d 167]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from so much of an order of the Supreme Court, Kings

County (Lodato, J.H.O.), entered February 4, 2004, as, after a hearing, denied the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondent Daniel Rodriguez, the petition is granted, and the arbitration is permanently stayed.

The respondent Daniel Rodriguez was involved in an automobile accident while operating a vehicle insured by the petitioner. He subsequently sought arbitration of a claim for uninsured motorist benefits. The petitioner commenced this proceeding to permanently stay arbitration on the ground that the offending vehicle was insured. After a hearing, at which the proposed additional respondent Legion Insurance Company failed to appear, the Supreme Court concluded that the offending vehicle was insured, but nevertheless denied the petition. The petitioner appeals. Rodriguez contends that the petitioner did not establish that the offending vehicle was insured and, therefore, the petition was properly denied. Contrary to the petitioner's contention, Rodriguez may raise that issue as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 545-546 [1983]; *Rice v Board of Educ. of City of N.Y.,* 302 AD2d 578, 579 [2003]; *Lauer v Great S. Bay Seafood Co.,* 299 AD2d 325, 327 [2002]).

The petitioner established a prima facie case as to the existence of insurance coverage for the offending vehicle by producing the police accident report containing the vehicle's insurance code (*see Matter of Liberty Mut. Ins. Co. v McDonald,* 6 AD3d 614, 615 [2004]; *Matter of Eagle Ins. Co. v Beauvil,* 297 AD2d 736, 737 [2002]; *Lopez v Ford Motor Credit Co.,* 238 AD2d 211 [1997]; *Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886 [1981]). The burden then shifted to Rodriguez to establish a lack of coverage. Since Rodriguez did not rebut the petitioner's prima facie case, the Supreme Court properly concluded that the offending vehicle was insured. Consequently, the Supreme Court should have granted the petition (*see Matter of Lumbermens Mut. Cas. Co. v Quintero,* 305 AD2d 684, 685 [2003]; *Matter of CGU Ins. Co. v Greatheart,* 301 AD2d 649 [2003]). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.