In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v BENJAMIN LICATA, Respondent. [807 NYS2d 380]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 26, 2005, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the

petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the offending vehicle was insured on the date of the accident, and if so, by what carrier, and a new determination of the petition thereafter, and for the purpose of the hearing, Encompass Insurance Company of America, Security Indemnity Insurance Company, Allen J. Rombough, Jr., and Pasquale F. Martino, are joined as parties respondents; and it is further,

Ordered that the arbitration is temporarily stayed pending the hearing and determination of the petition.

The petitioner's contention that the respondent was not entitled to seek supplemental uninsured motorist (hereinafter SUM) coverage under his policy with the petitioner because the insolvency of Security Indemnity Insurance Company did not render the offending vehicle uninsured is without merit (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Carpentier*, 7 AD3d 627, 628 [2004]; *Matter of American Mfrs. Mut. Ins. Co. v Morgan*, 296 AD2d 491, 494 [2002]).

However, the Supreme Court erred in denying the petition. The petitioner established a prima facie showing of the existence of insurance coverage for the offending vehicle by producing the police accident report which contained an insurance code designation for Encompass Insurance Company of America indicating coverage for the offending vehicle (*see Matter of Eagle Ins. Co. v Rodriguez*, 15 AD3d 399, 400 [2005]; *Matter of Liberty Mut. Ins. Co. v McDonald*, 6 AD3d 614, 615 [2004]). The proof submitted by the respondent, namely his attorney's affirmation and various items of correspondence between his attorneys and insurance company representatives, was conclusory and otherwise inadmissible in evidence. Thus, it was insufficient to overcome the petitioner's prima facie showing (*see Matter of Lumbermens Mut. Cas. Co. v Quintero*, 305 AD2d 684, 685 [2003]; *Matter of Eagle Ins. Co. v Sadiq*, 237 AD2d 605 [1997]).

Therefore, it was improper for the Supreme Court to deny the petition and to direct arbitration without first determining at a hearing whether or not the offending vehicle was uninsured, and without joining Encompass Insurance Company of America, Security Indemnity Insurance Company, Allen J. Rombough, Jr., and Pasquale F. Martino, as necessary parties. Accordingly, we remit the matter to the Supreme Court, Kings County, for an evidentiary hearing and a new determination on the petition. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.