■ In the Matter of UTICA MUTUAL INSURANCE Co., Appellant, v JOSE COLON, Respondent. AMERICAN INDEPENDENT INSURANCE COMPANY, Proposed Additional Respondent, et al., Proposed Additional Respondents. [807 NYS2d 634]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated July 30, 2004, which, after a hearing, denied the petition insofar as asserted against the proposed additional respondent American Independent Insurance Company.

Ordered that the order is reversed, on the law, with costs, the petition insofar as asserted against the proposed additional respondent American Independent Insurance Company is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

A party seeking a stay of arbitration of an uninsured motorist claim has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue that would justify the stay (see Matter of Eagle Ins. Co. v Viera, 236 AD2d 612 [1997]). In this matter, by producing the police accident report containing the vehicle's insurance code, the petitioner showed, prima facie, that the proposed additional respondent American Independent Insurance Company (hereinafter American Independent) insured the offending vehicle (see Matter of Eagle Ins. Co. v Rodriguez, 15 AD3d 399 [2005]; Matter of Liberty Mut. Ins. Co. v McDonald, 6 AD3d 614, 615 [2004]; Matter of Eagle Ins. Co. v Beauvil, 297 AD2d 736 [2002]). The burden then shifted to American Independent, which denied that it insured the vehicle at the time of the accident, to establish a lack of coverage. American Independent failed to rebut the petitioner's prima facie showing (see Matter of Eagle Ins. Co. v Rodriguez, supra). Therefore, the Supreme Court erred in denying the petition insofar as asserted against American Independent on the basis of lack of coverage.

During the framed issue hearing, American Independent also argued that the court lacked personal jurisdiction over it. It did not develop its argument on that point, since the Supreme Court indicated that it was unnecessary to rule on that argument, given its disposition of the coverage issue. In light of the fact that the court erred in determining the coverage issue, we remit the matter to the Supreme Court, Kings County, for a new hearing and determination solely on the issue of whether the court has personal jurisdiction over American Independent (see Matter of Eagle Ins. Co. v Gutierrez-Guzman, 21 AD3d 489 [2005]; Matter of New York Cent. Mut. Ins. Co. v Johnson, 260 AD2d 638 [1999]).

The petitioner's remaining contentions are not properly before this Court. Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.