■ In the Matter of CHUBB GROUP OF INSURANCE CARRIERS, Petitioner, v GREGORY DEPALMA et al., Respondents. ATLANTIC MUTUAL COMPANIES, Proposed Additional Respondent; DIMITRIOS KITSIOS et al., Proposed Additional Appellants, et al., Proposed Additional Respondent. [818 NYS2d 541]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the proposed additional respondents Dimitrios Kitsios and Anastasia Kitsios appeal from an order of the Supreme Court, Westchester County (Carey, J.H.O.), entered November 8, 2004, which, after a framed-issue hearing, denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is reversed, on the law and the facts, with costs payable by the proposed additional respondent Atlantic Mutual Companies, the petition is granted, and arbitration is permanently stayed.

This action arises out of an automobile accident that occurred on February 24, 2003 in Yonkers, New York, when a vehicle owned and operated by the appellant Dimitrios Kitsios came into contact with a vehicle operated by the respondent Gregory DePalma, in which the respondent Elaine DePalma (hereinafter collectively the DePalmas) was a passenger. Following the accident, the DePalmas served a demand for arbitration of their right to benefits under the Supplemental Uninsured/Underinsured Motorists (hereinafter SUM) provision upon the petitioner Chubb Group of Insurance Carriers (hereinafter

Chubb), which insured the car in which the DePalmas were riding. Chubb thereafter commenced this proceeding to stay the SUM arbitration, contending that the Kitsios vehicle was insured by the proposed additional respondent Atlantic Mutual Companies (hereinafter Atlantic Mutual) on the date of the accident. Following a framed-issue hearing, the Judicial Hearing Officer determined that Atlantic Mutual had effectively canceled the insurance policy due to the nonpayment of the premium prior to the date of the accident and that the Kitsios vehicle was therefore not insured by Atlantic Mutual on the date of the accident, and denied Chubb's petition for a stay of arbitration.

The parties are in agreement that Connecticut law applies because that is the state with the most significant contacts with the parties involved and the subject policy of insurance (*see Matter of Integon Ins. Co. v Garcia*, 281 AD2d 480 [2001]). On appeal, Kitsios argues that Atlantic Mutual's notice of cancellation was ineffective because the language of the cancellation warning did not comply with Connecticut General Statutes Annotated § 38a-343 (b).

"[W]hen written notice of cancellation is required, an insurer must comply strictly with policy provisions and statutory mandates" (*Majernicek v Hartford Cas. Ins. Co.*, 240 Conn 86, 95, 688 A2d 1330, 1334 [1997]). It is undisputed that the notice of cancellation sent by Atlantic Mutual to Kitsios did not contain the warnings required by Connecticut General Statutes Annotated § 38a-343, and therefore, it was ineffective. Since Atlantic Mutual's insurance policy was in effect on the date of the accident, arbitration of the DePalmas's claim for uninsured motorist benefits against Chubb must be permanently stayed. Florio, J.P., Adams, Luciano and Fisher, JJ., concur.