■ In the Matter of NATIONWIDE INSURANCE ENTERPRISE, Respondent, v MAVIS HARRIS et al., Appellants, and NEW YORK AUTOMOBILE INSURANCE PLAN, Respondent. [844 NYS2d 121]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, Mavis Harris and Iris Welds appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated September 27, 2000, as, without a hearing, granted that branch of the petition which was to permanently stay arbitration, and, in effect, denied as academic that branch of the petition which was to temporarily stay arbitration in order to conduct a hearing on the issue of insurance coverage of the vehicle owned by the nonparty Tracey L. Washington, and for a permanent stay of arbitration thereafter.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the petitioner to the appellants, that branch of the petition which was to permanently stay arbitration, without a hearing, is denied, that branch of the petition which was to temporarily stay arbitration in order to conduct a hearing on the issue of insurance coverage is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the vehicle owned by the nonparty Tracey L. Washington was insured on June 17, 1999 and a new determination thereafter on that branch of the petition which was for a permanent stay of arbitration.

This matter involves an automobile accident that occurred on June 17, 1999 between a vehicle owned by Mavis Harris, and operated by nonparty Ivanhoe Lattray, and a vehicle owned and operated by nonparty Tracey L. Washington. Harris and Iris Welds, a passenger in the Harris vehicle, allegedly were injured in the accident. Harris and Welds subsequently demanded arbitration of their claim for uninsured motorist coverage under the policy issued by the petitioner covering the vehicle owned by Harris.

In response to the demand, the petitioner commenced this proceeding seeking a temporary stay of arbitration pending a hearing as to insurance coverage and a permanent stay of arbitration thereafter or, in the alternative, a judgment immediately and permanently staying arbitration without a hearing. In support of the petition, the petitioner submitted, inter alia, a copy of a report of the National Insurance Crime Bureau indicating that, on the date of the accident, Washington's vehicle was insured by an insurer with code number "999." Ad-

ditionally, the petitioner submitted a copy of the relevant police accident report, which recorded "999" as the insurance code for Washington's car. It is undisputed that code number "999" identifies the insurer as the New York Automobile Insurance Plan, commonly known as the Assigned Risk Plan (hereinafter the Plan). This was sufficient to make out the petitioner's prima facie case that Washington's vehicle was insured on the day of the accident, and that uninsured motorists' coverage was thus unavailable (*see Matter of Utica Mut. Ins. Co. v Colon*, 25 AD3d 617, 618 [2006]; *Matter of New York Cent. Mut. Fire Ins. Co. v Licata*, 24 AD3d 450, 451 [2005]; *cf. Matter of Progressive Northwestern Ins. v Gjonaj*, 43 AD3d 1169 [ 2007]).

The proof offered by the appellants in opposition, however, demonstrated that in 1995, the Plan had assigned the responsibility for providing insurance coverage for the Washington vehicle to New York Central Mutual Insurance Company (hereinafter Central), but that in February 1996 Central had submitted documents properly reflecting cancellation of the policy. The appellants also submitted proof showing that, at least since that time, no application had been submitted to the Plan for an insurer to be assigned to Washington. This was sufficient to show the existence of a factual issue as to whether or not Washington's vehicle was insured at the time of the accident, requiring a framed-issue hearing to resolve the dispute (*see Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg]*, 281 AD2d 330, 331 [2001]; *Matter of Eagle Ins. Co. v Sadiq*, 237 AD2d 605 [1997]; *cf. Matter of Government Empls. Ins. Co. v Williams-Staley*, 288 AD2d 471, 472 [2001]).

Accordingly, the Supreme Court should not have permanently stayed the arbitration without a hearing. Rather, as the appellants argued both to the Supreme Court and to this Court, the Supreme Court should have held the issue of a permanent stay in abeyance, temporarily stayed arbitration, and directed a hearing on the issue of insurance coverage.

We note that no notice of appeal has been filed by the Plan. Accordingly, there is no basis to examine its contentions as to the propriety of its having been joined as a party to this proceeding (*see NYCTL 1998-1 Trust v Prol Props. Corp.*, 308 AD2d 478, 479 [2003]). Crane, J.P., Florio, Lifson and Carni, JJ., concur.