In the Matter of MERCURY INSURANCE GROUP, Appellant, v NOEMI OCANA, Respondent, et al., Proposed Additional Respondents. [846 NYS2d 633]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated February 5, 2007, as denied that branch of the petition which was to permanently stay the arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Orange County, for an evidentiary hearing to determine whether Progressive Insurance Company validly disclaimed coverage of the offending vehicle for the subject accident, and thereafter, for a new determination on that branch of the petition which was to permanently stay the arbitration; and it is further,

Ordered that the temporary stay of arbitration contained in the decision and order on motion of this Court dated June 20, 2007 is continued pending the evidentiary hearing and the new determination on the petition; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Contrary to the determination of the Supreme Court, the petitioner, Mercury Insurance Group (hereinafter Mercury), made a prima facie showing that the offending hit-and-run vehicle was insured by Progressive Insurance Company (hereinafter Progressive) on the date of the accident through the submission, inter alia, of the police accident report containing the vehicle's insurance code (*see Matter of Nationwide Ins. Enter. v Harris*, 44 AD3d 947 [2007]; *Matter of Utica Mut. Ins. Co. v Colon*, 25 AD3d 617, 618 [2006]; *Matter of New York Cent. Mut. Fire Ins. Co. v Licata*, 24 AD3d 450, 451 [2005]; *Matter of AIU Ins. Co. v Nunez*, 17 AD3d 668 [2005]; *Matter of Eagle Ins. Co. v Beauvil*, 297 AD2d 736, 737 [2002]; *Matter of Government Empls. Ins. Co. v McFarland*, 286 AD2d 500 [2001]; *Matter of Liberty Mut. Ins. Co. v Bohl*, 262 AD2d 645, 646 [1999]; *Matter of State Farm Ins. Co. v Vanblarcom*, 226 AD2d 732 [1996]). In this regard, the challenge to the admissibility of the report by Noemi Ocana, who was injured when the offending vehicle struck her vehicle, and sought uninsured motorist benefits from Mercury, is improperly raised for the first time on appeal, and we decline to reach the issue, since the petitioner did not have an opportunity to present opposing evidence on this question before the Supreme Court (*see Sarva v Chakravorty*, 34 AD3d 438, 439 [2006]; *Weber v Jacobs*, 289 AD2d 226 [2001]; *Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757, 758 [1985]). The burden thus shifted to Ocana to establish either a lack of insurance coverage or a timely and valid disclaimer of coverage by Progressive (*see Matter of Eagle Ins. Co. v Rodriguez*, 15 AD3d 399, 400 [2005]; *Matter of Liberty Mut. Ins. Co. v McDonald*, 6 AD3d 614, 615 [2004]; *Matter of American Cas. Ins. Co. v Walcott*, 300 AD2d 478 [2002]; *Brogan v New Hampshire Ins. Co.*, 250 AD2d 562 [1998]; *Country Wide Ins. Co. v Allstate Ins. Co.*, 223 AD2d 664 [1996]; *Matter of Centen-*

*nial Ins. Co. v Capehart*, 220 AD2d 499 [1995]). The disclaimer letter issued by Progressive, while not establishing as a matter of law that Progressive validly disclaimed coverage due to a lack of cooperation on the part of its insured (*see generally Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.]*, 36 NY2d 719 [1975]; *Matter of Liberty Mut. Ins. Co. v Roland-Staine*, 21 AD3d 771 [2005]; *Matter of Eveready Ins. Co. v Mack*, 15 AD3d 400 [2005]), sufficed to raise factual questions as to the validity of the disclaimer which warrant a hearing (*see Matter of Allstate Ins. Co. v Anderson*, 303 AD2d 496 [2003]; *Matter of Lumbermens Mut. Cas. Co. v Beliard*, 256 AD2d 579 [1998]; *see generally Matter of Nationwide Ins. Co. v Sillman*, 266 AD2d 551 [1999]; *Matter of Eagle Ins. Co. v Sadiq*, 237 AD2d 605 [1997]). Accordingly, we remit the matter to the Supreme Court, Orange County, for a hearing on that issue, and, thereafter, for a new determination on that branch of the petition which was for a permanent stay of arbitration. Santucci, J.P., Krausman, Lifson and McCarthy, JJ., concur.