■ In the Matter of AMERICAN INTERNATIONAL INSURANCE COMPANY, Respondent, v JOANNE GIOVANIELLI, Respondent, and LLOYD's OF LONDON/TRANSPORTATION INSURERS, INC., Appellant, et al., Respondent. [900 NYS2d 108]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Lloyd's of London/Transportation Insurers, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Rios, J.), entered August 5, 2008, which, after a hearing, granted the petition and directed Lloyd's of London/Transportation Insurers, Inc., to defend and indemnify Eduardo Rivera in an underlying action to recover damages for personal injuries.

Ordered that the order and judgment is affirmed, with costs.

"In a proceeding to stay arbitration of a claim for uninsured motorist benefits, the claimants' insurer has the initial burden of proving that the offending vehicle was insured at the time of the accident, and thereafter the burden is on the party opposing the stay to rebut that prima facie showing" (*Matter of Lumbermens Mut. Cas. Co. v Quintero*, 305 AD2d 684, 685 [2003]; *see Matter of Eagle Ins. Co. v Tichman*, 185 AD2d 884 [1992]). Here, the petitioner, American International Insurance Company, made a prima facie showing that the alleged offending vehicle was insured by Lloyd's of London/Transportation Insurers, Inc. (hereinafter Lloyd's) at the time of the accident by submitting the police accident report containing the vehicle's insurance policy number and correspondence from Lloyd's representative identifying Lloyd's as the insurer of the vehicle (*see Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561, 562 [2007]; *Matter of Government Empls. Ins. Co. v McFarland*, 286 AD2d 500 [2001]; *Matter of Eagle Ins. Co. v Olephant*, 81 AD2d 886, 887 [1981]). In opposition, Lloyd's failed to establish a lack of coverage or a timely and valid disclaimer of coverage (*see Matter of State Farm Mut. Auto. Ins. Co. v Mazyck*, 48 AD3d 580, 581 [2008]; *Matter of Eagle Ins. Co. v Rodriguez*, 15 AD3d 399, 400 [2005]; *Matter of Lumbermens Mut. Cas. Co. v Quintero*, 305 AD2d 684 [2003]). Accordingly, the Supreme Court properly granted the petition to stay arbitration of the uninsured motorist claim, and directed Lloyd's to defend and indemnify Eduardo Rivera in an underlying action to recover damages for personal injuries.

Lloyd's contends that the Supreme Court should have stayed the framed-issue hearing pending the resolution of Lloyd's first-filed declaratory judgment action in New Jersey. However, "[w]hile priority in the bringing of actions is a factor to be considered in choice of forum litigation, it is not controlling, especially when commencement of the competing actions has been reasonably close in time" (*Flintkote Co. v American Mut. Liab. Ins. Co.*, 103 AD2d 501, 505 [1984]). Under the circumstances,

New York is the most appropriate forum for resolution of the parties' dispute (*see Brooklyn Navy Yard Cogeneration Partners v PMNC*, 254 AD2d 447 [1998]; *White Light Prods. v On The Scene Prods.*, 231 AD2d 90 [1997]; *Flintkote Co. v American Mut. Liab. Ins. Co.*, 103 AD2d 501 [1984]).

Lloyd's remaining contentions are without merit. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.