■ In the Matter of METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Respondent, v SARAH SINGH, Appellant, et al., Proposed Respondents. [949 NYS2d 638]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Sarah Singh appeals from an order of the Supreme Court, Queens County (Rios, J.), entered June 30, 2011, which, without a hearing, granted the petition.

Ordered that the order is affirmed, with costs payable by the appellant to the petitioner.

In a proceeding to permanently stay arbitration of a claim for uninsured motorist benefits, the claimant's insurer has the initial burden of proving that the alleged offending vehicle was insured at the time of the accident, and thereafter the burden is on the party opposing the stay to rebut that prima facie showing (see Matter of American Intl. Ins. Co. v Giovanielli, 72 AD3d 948, 949 [2010]; Matter of Lumbermens Mut. Cas. Co. v Quintero, 305 AD2d 684, 685 [2003]). Here, the petitioner, Metropolitan Property & Casualty Insurance Company (hereinafter Metropolitan), made a prima facie showing that the alleged offending vehicle was a bus owned by a self-insurer, the New York City Transit Authority (hereinafter the NYCTA), by submitting, inter alia, the police accident report and portions of deposition testimony from a personal injury action commenced by the claimant against the NYCTA and related defendants (see Matter of American Intl. Ins. Co. v Giovanielli, 72 AD3d at 949; Matter of Mercury Ins. Group v Ocana, 46 AD3d 561, 562 [2007]). In opposition, the claimant, Sarah Singh, did not rebut Metropolitan's prima facie showing that the offending vehicle was self-insured and, thus, the Supreme Court properly granted Metropolitan's petition to permanently stay the uninsured motorist arbitration (see Matter of Eagle Ins. Co. v Rodriguez, 15 AD3d 399, 400 [2005]; Matter of Lumbermens Mut. Cas. Co. v Quintero, 305 AD2d at 685).

Contrary to Singh's contention, the Supreme Court properly declined to make a finding of fact or determination regarding the involvement of the alleged offending vehicle in the accident. That issue was not raised in the instant proceeding to permanently stay the uninsured motorist arbitration on the sole ground that the offending vehicle was self-insured, and any issues concerning the involvement of the alleged offending vehicle in the accident should be addressed in the personal injury action (see Matter of Insurance Co. of N. Am. v Castillo, 158 AD2d 691, 692-693 [1990]).

Singh's remaining contention is without merit. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.