Matter of Progressive Advanced Ins. Co. v Jordan (2019 NY Slip Op 03239)





Matter of Progressive Advanced Ins. Co. v Jordan


2019 NY Slip Op 03239


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1392 CA 18-01078

[*1]IN THE MATTER OF PROGRESSIVE ADVANCED INSURANCE COMPANY, PETITIONER-APPELLANT,
v
HOLLY JORDAN, RESPONDENT-RESPONDENT. 






LAW OFFICES OF JENNIFER S. ADAMS, YONKERS (MICHAEL A. ZARKOWER OF COUNSEL), FOR PETITIONER-APPELLANT.
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered September 28, 2017 in a proceeding pursuant to CPLR article 75. The order, among other things, denied the petition insofar as it sought a permanent stay of arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This appeal arises from an automobile collision in which nonparty Donald Edds allegedly rear-ended a vehicle driven by respondent. After respondent learned that Edds was uninsured, she pursued a claim for supplemental uninsured motorist (SUM) benefits pursuant to an insurance policy issued to her by petitioner. Under that policy, SUM disputes are subject to arbitration. Petitioner then filed the instant CPLR article 75 petition, alleging that Edds had available insurance coverage that would prevent respondent from making a claim against her SUM coverage, and seeking a permanent stay of arbitration or, alternatively, inter alia, to set the matter for a framed issue hearing on the issue whether Edds's vehicle had insurance coverage provided by his alleged insurer, American States Insurance Company/Safeco Insurance Company of America (Safeco). Petitioner now appeals from an order that, inter alia, denied the petition insofar as it sought a permanent stay of arbitration or a framed issue hearing. We affirm.
We conclude that petitioner failed to meet its initial burden of establishing that the offending vehicle was in fact insured on the date of the accident, and Supreme Court properly denied its request for a permanent stay of arbitration or a framed issue hearing to resolve issues of fact as to the existence of other applicable coverage. Petitioner had the initial burden of establishing that the offending vehicle was insured at the time of the accident (see Matter of American Intl. Ins. Co. v Giovanielli, 72 AD3d 948, 949 [2d Dept 2010]; Matter of Eagle Ins. Co. v Tichman, 185 AD2d 884, 886 [2d Dept 1992]). In support of its petition, petitioner submitted records from the Department of Motor Vehicles (DMV) reflecting a pre-loss cancellation of Edds's insurance coverage for the vehicle, the police accident report reflecting that Edds had been driving the vehicle without insurance, and a pre-loss cancellation notice that Safeco sent to Edds, with an accompanying certificate of mailing. A prima facie showing that there was insurance coverage may be established by submitting a police accident report (see American Intl. Ins. Co., 72 AD3d at 949; Matter of New York Cent. Mut. Fire Ins. Co. v Licata, 24 AD3d 450, 451 [2d Dept 2005]) or DMV records (see Matter of Highlands Ins. Co. v Baez, 18 AD3d 238, 239 [1st Dept 2005], lv denied 5 NY3d 709 [2005]). Here, the materials submitted by petitioner, i.e., the police accident report and the DMV records along with the cancellation notice, indicated that Edds's vehicle was uninsured on the date of loss.
Petitioner contends, however, that the cancellation was improper because the certificate [*2]of mailing accompanying the cancellation notice was insufficient pursuant to Vehicle and Traffic Law § 313, and thus Edds's vehicle had insurance coverage at the time of the accident. Respondent does not raise the issue of whether a CPLR article 75 petition is a proper forum to litigate the validity of the cancellation of the offending vehicle's policy. Nevertheless, even assuming, arguendo, that petitioner could satisfy its initial burden in this CPLR article 75 proceeding by establishing that the cancellation was improper, we reject petitioner's contention. Vehicle and Traffic Law § 313 requires that an insurer send cancellation notices "to the named insured at the address shown on the policy . . . by regular mail, with a certificate of mailing, properly endorsed by the postal service" (§ 313 [1] [a]), and that "[e]very insurer shall retain a copy of the notice of termination mailed pursuant to this chapter and shall retain the certificate of mailing obtained from the postal service upon the mailing of the original of said notice. A copy of a notice of termination and the certificate of mailing, when kept in the regular course of the insurer's business, shall constitute conclusive proof of compliance with the mailing requirements of this chapter" (§ 313 [1] [b]). Thus, "[a]n insurer may effectively cancel its policy by mailing a notice of cancellation to the address shown on the policy, provided that it submits sufficient proof of mailing, regardless of whether notice is actually received by the insured" (Hughson v National Grange Mut. Ins. Co., 110 AD2d 1072, 1072 [4th Dept 1985], appeal dismissed 67 NY2d 647 [1986]).
We reject petitioner's contention that Safeco's certificate of mailing is insufficient to establish that Safeco sent a cancellation notice to Edds. The certificate of mailing, submitted by respondent in opposition to the petition, provides that Safeco made a bulk mailing on August 26, 2015, and lists Edds's name and address as an addressee of one of the mailed items. The certificate of mailing also bears a postmark from the post office. Contrary to petitioner's contention, there is no requirement in Vehicle and Traffic Law § 313 that the page of the certificate of mailing bearing Edds's name must bear a postmark.
Petitioner further contends that the certificate of mailing is insufficient because it is a certificate of bulk mailing, and a similar certificate of bulk mailing was determined to be insufficient in Ficarro v AARP, Inc. (205 AD2d 955, 956 [3d Dept 1994]). We reject that contention because, unlike the certificate of mailing in Ficarro, the certificate of mailing here does contain the names and addresses of each addressee (cf. id.). Petitioner's remaining contentions are not preserved for our review.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court