■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JENNIE BOLOGNA, Respondent, and STATE FARM MUTUAL INSURANCE COMPANY, Appellant.—Judgment, Supreme Court, Bronx County (William G. Giaccio, J.), entered November 28, 1984, adjudging that a certain vehicle was on the date of an accident insured by State Farm Mutual Insurance Company, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, the judgment vacated and the matter remanded for a preliminary hearing on the issue of whether the State Farm policy had been effectively canceled prior to the date of the accident.

Having been set down for a preliminary hearing on the issue of whether an allegedly responsible vehicle was uninsured at the time of the accident, the matter was sent to a trial part on the afternoon of March 28, 1984. There, the parties entered into several stipulations, leaving for resolution only the issue of whether State Farm had effectively canceled its policy prior to the date of the accident. It is uncontroverted that the driver of the vehicle in question had been issued a summons for operating an uninsured vehicle. The case was put over until 9:30 the next morning for the production of the hearing's only witness, a State Farm employee who was to testify to its cancellation procedures. When the case was called the next morning State Farm's attorney requested a continuance. He explained that he had expected to meet the

witness, a Mr. Pritchett, at the courthouse but that when he failed to appear, as scheduled, he had, at 9:10 A.M., called the State Farm office in Wayne, New Jersey and had been told the office would not open until 10:00 A.M. Counsel explained that he had thereupon obtained Mr. Pritchett's home address but was unsuccessful in reaching him because his telephone number was unlisted. Counsel further explained that, since it was snowing and, according to the weather reports, northern New Jersey, where Mr. Pritchett resided, had been covered with a foot of snow, he had no way of knowing, at least until 10:00 A.M., when he hoped to be able to speak to someone in the Wayne office, whether Mr. Pritchett was en route or, because of the inclement weather, had even attempted the trip. Mindful of the weather but citing its own experience in arriving at the courthouse before 9:00 A.M. after having traveled "over a very, very dangerous bridge crossing, namely the Bronx Whitestone Bridge", Trial Term noted the time at 10:02 A.M. and directed judgment against State Farm on default.

In the circumstances presented a continuance, at least to the extent of permitting counsel the opportunity to ascertain the availability of his witness, should have been granted and Trial Term's refusal to do so constituted an abuse of discretion. The hearing would have been a short one. There was no showing of inconvenience to anyone. Counsel had been diligent. His witness's testimony was essential.

We reiterate our commitment to the principle that, absent a clear showing of default, cases should be disposed of on the merits. Concur—Sandler, J. P., Sullivan, Bloom, Lynch and Kassal, JJ.