■ BEACON MUSIC CO., INC., Respondent-Appellant, v G. SCHIRMER, INC., Appellant-Respondent, et al., Defendant.—In an action to recover damages for breach of contract, (1) the defendant G. Schirmer, Inc. (hereinafter Schirmer) appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated July 16, 1987, as denied that branch of its motion which was for partial summary judgment dismissing so much of the first cause of action

in the amended complaint which was premised upon the alleged failure to meet a guaranteed minimum level of sales in the years after the first three years of the parties' contract, and (2) the plaintiff Beacon Music Co., Inc. (hereinafter Beacon), cross-appeals from so much of the same order as denied its cross motion for summary judgment on its first cause of action.

Ordered that the order is modified, on the law, by deleting the provision that denied Schirmer's motion and substituting therefor a provision granting that branch of its motion which was for partial summary judgment dismissing so much of the first cause of action which was premised upon the alleged failure to meet a guaranteed minimum level of sales in the years after the first three years of the parties' contract and denying that motion in all other respects; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Beacon and Schirmer entered into a written sales agreement dated October 15, 1979. The agreement provided that Schirmer would act as the sole selling agent and distributor of the plaintiff's music books for a three-year term, subject to an automatic renewal for "additional terms of three (3) years each unless either party * * * serve[d] written notice upon the other of its election not to renew the agreement". The agreement was automatically renewed in 1982 and in 1985.

The agreement also provided for the following "Guarantee":

"8. GUARANTEE

"(a) Subject to the terms herein contained [Schirmer] guarantees that 'wholesale sales' of the Publications and Editions by the end of the second year following the date of this Agreement shall equal or exceed Two Hundred Twenty Thousand Dollars ($220,000); and for the period of the third year following the date of this Agreement 'wholesale sales' shall equal or exceed One Hundred Ten Thousand Dollars ($110,000) * * * In the event that, at the end of either such period [Schirmer] has failed to meet its guarantee, Selling Agent shall, within thirty (30) days following the end of such period select and purchase such number of Publications and Editions from [Beacon's] catalogue sufficient to meet the guarantee * * * [Beacon] may, at its option and in its sole discretion, agree to waive the aforesaid guarantee with respect to the third year following the date of this Agreement by serving written notice of such waiver upon [Schirmer] within ten (10) days following the end of the third year."

In April 1986 Beacon commenced this action. By its amended complaint, dated November 6, 1986, Beacon alleged, in its first cause of action, that Schirmer had failed to meet the guaranteed minimum level of sales during the period commencing October 15, 1980 and ending October 15, 1985. By stipulation of the parties, Beacon claimed that further monetary damages accrued during the period from October 15, 1985 to October 15, 1986.

The issue presented by Schirmer's motion and Beacon's cross motion for partial summary judgment as to the first cause of action is whether the guarantee provision is only applicable to the second and third years of the parties' agreement or whether said provision is applicable during the renewal terms of the agreement.

Contrary to the finding of the Supreme Court, Rockland County, the guarantee provision in question is clear and unambiguous on its face, and it is not "reasonably susceptible of more than one interpretation" (Chimart Assocs. v Paul, 66 NY2d 570, 573). The guarantee clause provides that it is only applicable at the "end of the second year following the date of this Agreement" and for "the period of the third year following the date of this Agreement". There is no merit to Beacon's claim that the date of the parties' agreement changed with each renewal term. In addition, a review of the entire contract indicates that, where it was relevant to indicate that a provision was to continue during any renewal term of the agreement, the parties did so by specifically noting in the agreement either "the term and any renewal thereof" or "the term or any extension thereof". Further, while Beacon's president, by his affidavit, claimed that the parties "agreed and contemplated that the guarantee would extend as long as the contract was in force", nevertheless it is well settled that " '[i]nterpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument' " (Chimart Assocs. v Paul, supra, at 572-573, quoting from Teitelbaum Holdings v Gold, 48 NY2d 51, 56).

Since we find no ambiguity in the guarantee provision, that branch of Schirmer's motion for partial summary judgment, which was to dismiss so much of the first cause of action which was premised upon the alleged failure to meet a guaranteed minimum level of sales in the years after the first three years of the parties' agreement, should have been

granted. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.