■ Eveready Insurance Co., Respondent, v Edrick Blackett et al., Respondents, and Allstate Insurance Company, Appellant.—In a proceeding to permanently stay an uninsured motorist arbitration, Allstate Insurance Co. appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated September 16, 1987, which, after a nonjury trial, granted the petition and directed it to indemnify and defend Desmarta Transportation Corp., the defendant in the underlying personal injury action, upon a determination that Allstate Insurance Co. issued an automobile liability insurance policy to said defendant.

Ordered that the judgment is affirmed, with costs.

In this proceeding to stay arbitration of an uninsured motorist claim, the petitioner Eveready Insurance Co., sought to establish that the offending vehicle was in fact insured by the appellant Allstate Insurance Co. (hereinafter Allstate), on the date of the accident. Immediately prior to the commencement of a hearing with regard to the issue of coverage, the court denied an application by Allstate for an adjournment to produce a witness from its claims underwriting department in Atlanta, Georgia, and to obtain certain documents from the Department of Motor Vehicles in Albany. Allstate contends that this denial constituted an improvident exercise of discretion. We disagree.

It is well settled "that requests for adjournments are addressed to the court's sound discretion" *(see, People v Africk,* 107 AD2d 700, 702; *People v Spears,* 64 NY2d 698; *People v Singleton,* 41 NY2d 402, 405; *People v Foy,* 32 NY2d 473, 476; *see also, Feldsberg v Nitschke,* 49 NY2d 636). The court's decision at bar cannot be described as an improvident exercise of discretion under the circumstances presented. Although given more than adequate notice that trial was to be held on the date in question, Allstate failed to offer any excuse why it had been unable to secure the attendance of its witness or to obtain the necessary documents in a timely fashion *(cf., Bal-*

*ogh v H.R.B. Caterers,* 88 AD2d 136; *Matter of Allstate Ins. Co. v Bologna,* 114 AD2d 796).

Allstate also contends—for the first time on appeal—that the certified DP-37 Department of Motor Vehicles Form introduced by the petitioner, without objection by Allstate, was "evidence of nothing" and thereby failed to establish a prima facie case of insurance coverage. Significantly, review of the record reveals that Allstate's counsel offered no objection to the admission of the DP-37 and, in summation conceded that the document constituted "evidence that a contract may exist". In any event, this court has held that a party which applies for a permanent stay of an uninsured motorist arbitration may establish a prima facie case by introducing into evidence forms such as FS-25 or similar documents, after which the burden shifts to the purported insurer of the offending vehicle to prove that the vehicle in question was never insured or that the insurance has been canceled *(see, State Wide Ins. Co. v Libecci,* 104 AD2d 893, 895; *cf., Matter of Peerless Ins. Co. v Milloul,* 140 AD2d 346). In light of the petitioner's production of the DP-37, and considering that Allstate subsequently failed to discharge its burden of establishing the absence of insurance coverage, we conclude that under the circumstances presented, the Supreme Court did not improvidently exercise its discretion in granting a stay of arbitration. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.