■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v CLEMENT STORY, Respondent. [686 NYS2d 704] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about November 10, 1997, which denied petitioner insurer's application to stay an uninsured motorist arbitration demanded by respondent insured, unanimously affirmed, without costs.

Petitioner's proof that it did not insure respondent's vehicle on September 6, 1993, the date of the accident, was a notice of alleged policy cancellation for the period December 31, 1990 to December 31, 1991, with proof of mailing on February 25, 1991. The record contains no competent proof of cancellation. Respondent's proof that petitioner did insure the vehicle on the date of the accident was a Department of Motor Vehicles Owner Registration Record Expansion form, dated December 28, 1994, indicating that petitioner was the insurer of the vehicle for the period May 14, 1993 to May 31, 1995 and was "on file [as a previous insurer] as of May 31, 1991". We agree with respondent that the form indicates that a policy had been either reissued or newly issued by petitioner after 1991 and was in effect at the time of the accident, and that petitioner offered no probative evidence to the contrary (see, Matter of Allstate Ins. Co. v Rivera, 148 AD2d 393).Concur—Sullivan, J. P., Rosenberger, Rubin, Saxe and Buckley, JJ.

■ EMILY PLISHNER, Appellant-Respondent, v CITIBANK, N. A., Respondent-Appellant. [688 NYS2d 150] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered December 12, 1997, which, inter alia, granted defendant's motion for summary judgment to the extent of dismissing the plaintiff's claim for punitive damages, denied defendant's motion for summary judgment insofar as it sought dismissal of plaintiff's claim for compensatory damages, and denied defendant's motion to strike the note of issue, unanimously affirmed, without costs.

Plaintiff's claim for punitive damages was properly dismissed since the complained of conduct by defendant was not directed at the public generally and was not shown to have been sufficiently egregious to warrant exaction of such damages (see, Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 613). Plaintiff's procedural objections to the motion court's consideration of defendant's summary judgment motion are not preserved for our review. Defendant's arguments on its cross appeal, that summary judgment should have been granted with respect to the actual damages claim and that the note of issue should have been stricken, are without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Saxe and Buckley, JJ.