In the Matter of PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, Appellant, v MARCELLO GALLUZZO, Respondent. METROPOLITAN CASUALTY INSURANCE COMPANY, Proposed Additional Respondent, et al., Proposed Additional Respondents. [791 NYS2d 450]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Shifrin, J.H.O.), entered October 20, 2003, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and arbitration is permanently stayed.

The petitioner commenced this proceeding to permanently

stay arbitration of an uninsured motorist claim made by its insured, the respondent Marcello Galluzzo. The petitioner met its initial burden of proving that the alleged offending vehicle, which was owned by the proposed additional respondent Juliette Perri, was insured by the proposed additional respondent Metropolitan Casualty Insurance Company (hereinafter Metropolitan) at the time of the accident. A hearing was held to determine whether Metropolitan had effectively cancelled the policy prior to the date of the accident (*see Matter of Eagle Ins. Co. v Olephant*, 81 AD2d 886 [1981]).

At the hearing, Metropolitan failed to demonstrate, through credible evidence, that the automobile insurance policy issued to Perri had been effectively cancelled due to the nonreceipt of payment by the cancellation effective date, December 9, 2002 (*see Matter of Government Empls. Ins. Co. v McFarland*, 286 AD2d 500 [2001]). Under the circumstances of this case, the Supreme Court's determination that Metropolitan sustained its burden of proving that it received the payment after December 9, 2002, was not supported by the record. Accordingly, the petition to permanently stay arbitration of the uninsured motorist claim should have been granted. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.