■ PREFERRED MUTUAL INSURANCE COMPANY, Respondent, v SAV CARPENTRY, INC., et al., Defendants, and SADDLE COVE ASSOCIATES, LLC, Appellant. [844 NYS2d 363]—

In an action for a judgment declaring that the plaintiff has no obligation to defend or indemnify the defendant SAV Carpentry, Inc., in an underlying action entitled *Galarza v Saddle Cove Associates, LLC,* pending in the Supreme Court, Suffolk County, under index No. 2003-13613, the defendant Saddle Cove Associates, LLC, appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 10, 2006, which granted the plaintiff's motion for summary judgment declaring that it has no obligation to defend or indemnify the defendant SAV Carpentry, Inc., in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff has no obligation to defend or indemnify the defendant SAV Carpentry, Inc., in the underlying action.

"To effectively deny coverage based upon lack of cooperation, an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his or her cooperation was sought, was one of willful and avowed obstruction" (*Allstate Ins. Co. v United Intl. Ins. Co.,* 16 AD3d 605, 606 [2005]; *see Utica First Ins. Co. v Arken, Inc.,* 18 AD3d 644, 645 [2005]). "[M]ere inaction by an insured, by itself, will not justify a disclaimer of coverage on the ground of lack of cooperation" (*New York State Ins. Fund v Merchants Ins. Co. of N.H.,* 5 AD3d 449, 451 [2004]).

Here, the plaintiff presented evidence that it sent the insured numerous letters regarding its discovery obligations, and hired two separate investigators to locate and interview the principal of the insured. One of these investigators stated, in an affidavit, that the principal of the insured avoided all attempts by the investigator to contact him for approximately one month. This demonstrated that the plaintiff diligently sought the insured's cooperation by means reasonably calculated to obtain that cooperation, and that the insured's non-cooperation consisted of willful and avowed obstruction. The appellant failed to raise a triable issue of fact in opposition (*see generally Zuckerman v*

*City of New York,* 49 NY2d 557, 562 [1980]). Therefore, the Supreme Court properly granted the plaintiff's motion for summary judgment.

The appellant's argument that the Supreme Court erred in failing to perform a conflicts-of-law analysis, and in failing to apply New Jersey law, is not properly before us since it is being raised for the first time on appeal (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.,* 5 AD3d 568 [2004]) and, in any event, is without merit.

The appellant's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff has no duty to defend and indemnify the defendant SAV Carpentry, Inc., in the underlying action entitled *Galarza v Saddle Cove Associates, LLC,* pending in the Supreme Court, Suffolk County, under index No. 2003-13613 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.