■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v SANDRA NOBLE, Respondent. EMPIRE FIRE & MARINE INSURANCE COMPANY, Proposed Additional Respondent-Appellant, et al., Proposed Additional Respondents. [847 NYS2d 119]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Empire Fire & Marine Insurance Company appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated October 5, 2006, which, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

On January 30, 2004, Sandra Noble, who was driving a vehicle insured by the petitioner, was involved in an accident with a vehicle owned by United Truck Van & Car Rentals (hereinafter United). Noble then filed a claim with the appellant, which, she believed, insured United's vehicle. However, the appellant denied Noble's claim, asserting that it did not insure United's vehicle. When Noble demanded that the petitioner arbitrate a claim that she had submitted under her insurance policy for uninsured motorist benefits, the petitioner commenced the instant proceeding, seeking to permanently stay arbitration of that claim. After the petitioner provided certain evidence establishing, prima facie, that the appellant Empire Fire & Marine Insurance Company insured United's vehicle at the time of the accident (cf. Matter of Eagle Ins. Co. v Kapelevich, 307 AD2d 927 [2003]; American Tr. Ins. Co. v Story, 260 AD2d 240 [1999]), the matter proceeded to a hearing, where the appellant attempted to demonstrate that it had effectuated a nonrenewal with respect to United's vehicle, and that coverage terminated before the accident occurred (see Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029 [1981]). Contrary to the appellant's contention, the Supreme Court properly determined that the nonrenewal was not properly effectuated, and that the appellant did indeed insure United's vehicle at the time of the accident. Accordingly, the court correctly granted the petition and permanently stayed the arbitration.

The appellant's remaining contentions are without merit. Miller, J.P., Ritter, Skelos and Covello, JJ., concur.