■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v ALFREDO E. BERGER, Respondent, and AMERICAN TRANSIT INS. CO., Respondent-Appellant. FULL MOON HACKING CORP. et al., Additional Respondents-Appellants. [851 NYS2d 584]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, American Transit Ins. Co. appeals, and Full Moon Hacking Corp. and Mohammed Khan separately appeal, from a judgment of the Supreme Court, Queens County (Rios, J.), entered November 2, 2006, which, after a hearing, inter alia, granted the petition.

Ordered that the appeals by Full Moon Hacking Corp. and Mohammed Khan are dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by American Transit Ins. Co.; and it is further,

Ordered that one bill of costs is awarded to the petitioner, Allstate Insurance Company, payable by American Transit Ins. Co.

On August 29, 1999 Alfredo Berger, who was driving his car, was involved in an accident with a vehicle that was owned by Full Moon Hacking Corp. (hereinafter Full Moon), driven by Mohammed Khan, and insured by American Transit Ins. Co. (hereinafter American). The insurance policy required Full Moon to give American timely notice of a lawsuit stemming from an accident involving Full Moon's vehicle.

Sometime in 2001 Berger commenced an action (hereinafter the underlying action) against Full Moon and Khan, seeking to recover damages for injuries that he allegedly sustained as a result of the accident. Berger eventually obtained a default judgment against Full Moon and Khan, who both failed to appear in that action.

Berger sought to recover the amount of the default judgment from American (see Insurance Law § 3420 [a] [2]). On September 5, 2002 American advised Full Moon and Khan that it was disclaiming coverage because neither Full Moon and Khan, on the one hand, nor Berger on the other, ever notified American about the commencement of the underlying action.

Berger then submitted a claim for uninsured motorist benefits to the petitioner Allstate Insurance Company which insured his

car at the time of the accident. When the petitioner denied that claim, Berger demanded that the claim be arbitrated. In response, the petitioner, alleging that American's disclaimer was invalid, commenced the instant proceeding against Berger and American, seeking to permanently stay the arbitration.

The matter proceeded to a hearing. At the conclusion of the hearing, the Supreme Court, noting that there was no evidence that either Full Moon or Khan was properly served with the summons and complaint in the underlying action, found that consequently they could not have breached their obligation to timely notify American of that action. Accordingly, the court, concluding that there was coverage under American's insurance policy, granted the petition, and permanently stayed the arbitration of Berger's claim for uninsured motorist benefits. We affirm.

The Supreme Court properly granted the petition. After the petitioner established, prima facie, that American insured Full Moon's vehicle, the burden shifted to American to establish the absence of coverage (*see Matter of Liberty Mut. Ins. Co. v McDonald,* 6 AD3d 614, 615 [2004]). American failed to meet its burden. The record supports the Supreme Court's determination that American's disclaimer was invalid. Furthermore, contrary to American's contention, since Full Moon and Khan did not breach their obligation to provide American with timely notice of the commencement of the underlying action, Berger's failure to exercise his "independent right" (*Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 567-568 [1957], *affd* 4 NY2d 1028 [1958]) under Insurance Law § 3420 (a) (3) to give American that notice does not require a different result (*cf. Pitts v Aetna Cas. & Sur. Co.,* 218 F2d 58, 61 [1954], *cert denied* 348 US 973 [1955]). Santucci, J.P., Miller, Lifson and Covello, JJ., concur.