■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v CARLA MAZYCK et al., Respondents, and RLI INSURANCE COMPANY, Appellant. [849 NYS2d 906]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, RLI Insurance Company appeals from a judgment of the Supreme Court, Queens County (Rios, J.), entered August 21, 2006, which, after a hearing, granted the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner State Farm Mutual Automobile Insurance Company met its burden of establishing, prima facie, the existence of insurance coverage by RLI Insurance Company (hereinafter RLI) for the vehicle that was involved in the subject accident on May 25, 2002 through the submission of a police

accident report and RLI's response to a notice to admit. The burden thus shifted to RLI to establish a lack of coverage or a timely and valid disclaimer of coverage (*see Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561 [2007]; *Matter of Eagle Ins. Co. v Rodriguez*, 15 AD3d 399 [2005]; *Matter of Allstate Ins. Co. v Frederick*, 266 AD2d 283 [1999]).

RLI failed to meet its heavy burden of establishing a valid disclaimer based on the asserted lack of cooperation of its insured, Sunrise Auto Enterprises, Inc. (*see Preferred Mut. Ins. Co. v SAV Carpentry, Inc.*, 44 AD3d 921 [2007]; *Allstate Ins. Co. v United Intl. Ins. Co.*, 16 AD3d 605 [2005]). RLI also failed to meet its burden of justifying the delay in its purported service of a notice of disclaimer (*see Delphi Restoration Corp. v Sunshine Restoration Corp.*, 43 AD3d 851 [2007]). An unsatisfactory explanation renders delay in disclaiming coverage unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]; *Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150 [2007]).

RLI's remaining contentions are without merit. Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.