■ City of New York, Respondent, v Philadelphia Indemnity Insurance Co., Appellant. [864 NYS2d 454]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend the plaintiff as an additional insured in an underlying action entitled *Vega v Fox*, pending in the United States District Court for the Southern District of New York, under index No. 05 CV 2286, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Solomon, J.), dated January 25, 2007, which, among other things, granted the plaintiff's motion for summary judgment and declared that it is obligated to defend the plaintiff in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

In this action, inter alia, for a judgment declaring that the defendant is obligated to defend the plaintiff as an additional insured in the underlying action, the plaintiff established its prima facie entitlement to judgment as a matter of law by tendering evidence sufficient to demonstrate, as a matter of law, that it is an additional insured as this term is defined by the subject policy, and that the allegations in the underlying complaint fall within the scope of coverage (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The burden then shifted to the defendant to establish the absence of coverage (*see Matter of Allstate Ins. Co. v Berger*, 47 AD3d 708, 710 [2008]), which it failed to do.

An insurer's duty to defend its insured is "exceedingly broad" (*Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6, 8 [1985]) and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]). Insurance contracts are read in light of "common speech" (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *see Pepsico, Inc. v Winterthur Intl. Am.*

*Ins. Co.*, 13 AD3d 599, 600 [2004]) and are to be interpreted "according to the reasonable expectations and purposes of ordinary businesspeople when making ordinary business contracts" (*City of New York v Evanston Ins. Co.*, 39 AD3d 153, 156 [2007]). In interpreting an insurance policy, the policy should be read as a whole (*see MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 341 [2004]).

Here, the interpretation favored by the defendant reflects "extremely narrow coverage" (*City of New York v Evanston Ins. Co.*, 39 AD3d 153, 157 [2007]). Such an interpretation would rewrite the policy without regard to the plaintiff's reasonable expectations as expressed in the contract between it and the named insured, and provide a windfall for the defendant (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 716 [2007]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment and declared that the defendant is obligated to defend the plaintiff as an additional insured in the underlying action (*see Borden Leasing v Atlantic Mut. Ins. Co.*, 22 AD3d 621 [2005]; *Bedford Cent. School Dist. v Commercial Union Ins. Co.*, 295 AD2d 295 [2002]; *American Bridge Co. v Acceptance Ins. Co.*, 293 AD2d 634, 636 [2002]). Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.