■ In the Matter of INTEGON NATIONAL INSURANCE COMPANY, Respondent, v MICHAEL MONTAGNA et al., Respondents, NATIONAL LIABILITY AND FIRE INSURANCE COMPANY et al., Respondents, and LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants. [893 NYS2d 145]—

After the petitioner, Integon National Insurance Company (hereinafter Integon) established, prima facie, that the respondents Liberty Mutual Insurance Company (hereinafter Liberty) and Diamond State Insurance Company (hereinafter Diamond) insured the vehicle that was involved in the subject accident, the burden shifted to Liberty and Diamond to establish a lack of coverage or a timely and valid disclaimer of coverage (*see Matter of Progressive Northeastern Ins. Co. v Gibson,* 62 AD3d 804 [2009]; *Matter of State Farm Mut. Auto. Ins. Co. v Mazyck,* 48 AD3d 580, 580-581 [2008]; *Matter of Mercury Ins. Group v Ocana,* 46 AD3d 561, 562 [2007]; *Matter of Allstate Ins. Co. v Berger,* 47 AD3d 708, 710 [2008]; *Matter of Progressive Northwestern Ins. Co. v Galluzzo,* 16 AD3d 692, 693 [2005]; *Matter of Eagle Ins. Co. v Rodriguez,* 15 AD3d 399, 400 [2005]; *Eveready Ins. Co. v Blackett,* 148 AD2d 413, 414 [1989]). Although Liberty came forward with rebuttal proof showing that its policy

did not cover the vehicle, Integon presented additional proof of insurance which overcame the rebuttal proof (*see Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029, 1030 [1981]; *Matter of Travelers Indem. Co. v Machado,* 28 AD3d 569, 570-571 [2006]; *see also Pierre v Providence Washington Ins. Co.,* 99 NY2d 222, 228-229 [2002]; 49 CFR 387.15). Accordingly, the petition to permanently stay arbitration of the uninsured motorist claim was properly granted (*see Matter of State Farm Mut. Auto. Ins. Co. v Mazyck,* 48 AD3d at 580-581; *Matter of Allstate Ins. Co. v Berger,* 47 AD3d at 711; *Matter of Progressive Northwestern Ins. Co. v Galluzzo,* 16 AD3d at 693; *Matter of Eagle Ins. Co. v Rodriguez,* 15 AD3d at 400).

The appellants' remaining contentions are either not properly before this Court or without merit. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.