In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v GORDON O'NEIL et al., Respondents, and AIU INSURANCE COMPANY, Appellant. [902 NYS2d 382]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, AIU Insurance Company appeals from an order of the Supreme Court, Queens County (Rios, J.), dated May 19, 2009, which granted the petition and directed it to provide insurance coverage for the subject loss.

Ordered that the order is affirmed, with costs.

The appellant AIU Insurance Company (hereinafter AIU) does not dispute that in seeking to stay arbitration under a supplemental uninsured/underinsured motorist endorsement, the claimant's insurer, Government Employees Insurance Company (hereinafter GEICO), met its prima facie burden of showing that the offending vehicle was insured by AIU on the date of the accident by submitting a New Jersey Department of Motor Vehicles (hereinafter DMV) record (see *Matter of Integon Natl. Ins. Co. v Montagna*, 69 AD3d 626 [2010]; *Matter of Eagle Ins. Co. v Kapelevich*, 307 AD2d 927 [2003]; *Matter of CGU Ins. Co. v Greatheart*, 301 AD2d 649 [2003]; *Matter of State Farm*

*Mut. Auto. Ins. Co. v Yeglinski*, 79 AD2d 1029, 1029 [1980]). The burden then shifted to AIU to prove that the offending vehicle was never insured by it or that any policy covering the offending vehicle had been canceled prior to the accident date (*see Matter of Integon Natl. Ins. Co. v Montagna*, 69 AD3d 626 [2010]; *Matter of State Farm Mut. Auto. Ins. Co. v Noble*, 45 AD3d 854 [2007]; *Matter of Globe Indem. Co. v Lawrence*, 210 AD2d 334 [1994]; *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski*, 79 AD2d at 1029). Contrary to AIU's contention, it did not rebut the presumption of insurance coverage since the affidavit of its junior underwriter did not rebut the DMV record submitted by GEICO, which indicated that the offending vehicle was insured by AIU on the accident date. Moreover, the junior underwriter's affidavit did not provide any grounds upon which to find that the information set forth in the DMV record relating to the offending vehicle was erroneous. Since AIU's opposition did not rebut the presumption of coverage set forth by GEICO, AIU failed to meet its burden (*see Matter of State Farm Mut. Auto. Ins. Co. v Noble*, 45 AD3d 854 [2007]; *Matter of CGU Ins. Co. v Greatheart*, 301 AD2d 649 [2003]; *Country Wide Ins. Co. v Allstate Ins. Co.*, 223 AD2d 664 [1996]; *Matter of Globe Indem. Co. v Lawrence*, 210 AD2d 334 [1994]). Accordingly, the Supreme Court properly granted the petition and properly directed AIU to provide coverage for the subject loss. Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.