| Govea v Albert |
|:---:|
| 2025 NY Slip Op 32312(U) |
| June 26, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 507729/2023 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 26th day of June 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

---

EVELYN GOVEA, EDWARD CRUZ and RAYMOND
ORTIZ, MERCEDES TORIBIO, IRIS NIEVES, AND
ROBERT NIEVES,

<em>Plaintiff,</em>

-against-

MADELINE ALBERT,

<em>Defendant.</em>

---

MADELINE ALBERT,

<em>Third-Party Plaintiff,</em>

-against-

NEW YORK PROPERTY INSURANCE
UNDERWRITING ASSOCIATION,

<em>Third-Party Defendant.</em>

---

**DECISION & ORDER**

Index No.:      507729/2023

Calendar No.: 20, 21 & 22

Motion Seq.:  001, 003 & 004

---

*Recitation of the following papers as required by CPLR 2219(a):*

**Papers
Numbered**

MS 001   NYPIUA's Notice of Motion, Affirmation,
Memorandum of Law and Exhibits (NYSCEF 9-15)..................................1, 2
Memorandum of Law in Opposition (NYSCEF 41)................................3
Memorandum of Law in Reply (NYSCEF 60)..............................................4

MS 003   NYPIUA's Notice of Motion, Affirmation,
Memorandum of Law and Exhibits (NYSCEF 44, 47-52)......................5, 6
Memorandum of Law in Opposition (NYSCEF 62)...................................7
Memorandum of Law in Reply (NYSCEF 61).............................................8

MS 004     NYPIUA's Notice of Motion, Affirmation,
        Memorandum of Law and Exhibits (NYSCEF 45, 53-58)........................9, 10
        Memorandum of Law in Opposition (NYSCEF 63).....................................11
        Memorandum of Law in Reply (NYSCEF 64)...............................................12

*Upon the foregoing papers, the decision and order of the Court is as follows:*

## Introduction

The plaintiffs, who were tenants of defendant/third-party plaintiff, Madeline Albert (Albert), commenced separate actions arising from a fire on 8/12/2022 at Albert's property located at 236 Montrose Avenue, Brooklyn, New York 11206 (property). The cause of the fire allegedly resulted from faulty wiring. Albert insured the property with third-party defendant, New York Property Underwriting Association (NYPUIA). NYPUIA served a pre-answer motion to dismiss the third-party actions in each action pursuant to CPLR § 3211 [a] [1] and [7] on the policy provision that any legal action against NYPUIA arising out of the policy must have been commenced within two years after the date of loss.

While the motions were pending, all three actions were consolidated in this action by an order dated 2/20/2025. The individual plaintiffs have not taken a position on the motions.

## Procedural History

### a) Govea v. Albert Index #507729/2023

Plaintiff Govea commenced an action for property damage against Albert on 3/13/2023 (DOC. 1).[1] The complaint alleges causes of action for negligence, breach of warranty of habitability, constructive eviction, actual eviction, and breach of contract to recover for property damage, lost wages and emotional damages (*id.*:¶7). Albert was served with the summons and complaint on 4/15/2023 (DOC. 2). On 6/12/2024, the parties executed a stipulation extending

---

[1] All references to NYSCEF in this section refer to Index #507729/2023.

Albert's time to answer the complaint until 7/19/2024 (DOC. 3). An answer was served on 7/19/2024 (DOC. 4). A summons with interpleader complaint against NYPIUA was filed on 9/3/2024 (DOC. 5 and 6) and served on the New York State Department of Financial Services, NYPIUA's registered agent, pursuant to Insurance Law § 1212 [a] on 10/21/2024 (DOC. 7). The parties stipulated to extend NYPIUA's time to answer or otherwise respond to the complaint until 12/20/2024 (DOC. 19). On 12/20/2024, NYPIUA served the pre-answer motion to dismiss the third-party action (DOC. 9).

### b) Torbio v. Albert Index #526320/2023

Plaintiff Toribio commenced an action for property damage against Albert on 9/11/2023 (DOC. 1).[2] The complaint alleges causes of action for negligence, breach of warranty of habitability, constructive eviction, actual eviction, and breach of contract to recover for property damage, lost wages and emotional damages (id.:¶6). Albert was served with the summons and complaint on 10/28/2023 (DOC. 2) and a motion for a default judgment on 3/14/2024 (DOC. 9). The motion was denied. On 6/12/2024, the parties executed a stipulation extending Albert's time to answer the complaint until 7/19/2024 (DOC. 13). An answer was served on 7/19/2024 (DOC. 14). A summons with interpleader complaint against NYPIUA was filed on 9/3/2024 (DOC. 15 and 16) and served on the New York State Department of Financial Services on 10/21/2024 (DOC. 18). The parties stipulated to extend NYPIUA's time to answer or otherwise respond to the complaint until 12/20/2024 (DOC. 19). On 12/20/2024, NYPIUA served the pre-answer motion to dismiss the third-party action (DOC. 20).

---

[2] All references to NYSCEF in this section refer to Index #526320/2023.

[* 3]

### c) Nieves v. Albert Index #537425/2023

Plaintiff Nieves commenced an action for property damage against Albert on 12/21/2023 (DOC. 1).[3] The complaint alleges causes of action for negligence, breach of warranty of habitability, constructive eviction, actual eviction, and breach of contract to recover for property damage, lost wages, homelessness damages and emotional damages (id.:¶6). Albert was served with the summons and complaint on 1/8/2024 (DOC. 2) and a motion for a default judgment on 3/25/2024 (DOC. 10). The motion was denied. On 6/12/2024, the parties executed a stipulation extending Albert's time to answer the complaint until 7/19/2024 (DOC. 13).[4] An answer was served on 7/19/2024 (DOC. 14). A summons with interpleader complaint against NYPIUA was filed on 9/3/2024 (DOC. 16 and 17) and served on the New York State Department of Financial Services on 10/21/2024 (DOC. 19). The parties stipulated to extend NYPIUA's time to answer or otherwise respond to the complaint until 12/20/2024 (DOC. 19). On 12/20/2024, NYPIUA served the pre-answer motion to dismiss the third-party action (DOC. 21).

### Facts

NYPIUA issued a policy of insurance to Albert on 3/10/2022. The policy provided coverage for "direct physical loss of or damage to Cover Property at the premises described in the Declarations caused by or resulting from any Covered Loss" subject to exclusions. The Covered Property was the Building (§A.1.[a]), Albert's Business Personal Property (§A.1.[b]), and Property of Others that is "in [Albert's] care, custody and control, and located in the building" (§A.1.[c]) (NYSCEF 13, p.9).[5]

---

[3] All references to NYSCEF in this section refer to Index #537425/2023.
[4] The stipulation in the *Govea* action was inadvertently filed in Index #537425/2023.
[5] The exhibits in all three motions are the same. References to the exhibits refer to the docket in this action, Index #507729/2023.

[* 4]

Albert put NYPIUA on notice of plaintiffs' lawsuits after answering their complaints on 7/19/2024 but before filing the third-party actions on 9/3/2024. NYPIUA issued a letter dated 8/27/2024 denying coverage to Albert for plaintiffs' loss based on the policy provisions in §A.1. and A.2. (NYSCEF 14). Based on this denial coverage, Albert commenced the third-party actions on 9/3/2024 in each action seeking (1) a declaratory judgment directing NYPIUA to provide coverage for plaintiffs' losses, (2) damages arising from NYPIUA's breach of contract, and (3) express and implied indemnification under the policy for any damages incurred by Albert.

NYPIUA's motion to dismiss is based on policy provision § H.5.[b] that states, "No one may bring a legal action against us under this policy unless (a) There has been full compliance with all of the terms of this policy; and (b) The action is brought within two years after the date on which the direct physical loss or damage occurred" (NYSCEF 13, pp.26-27).

## Arguments of Counsel

### a) NYPIUA

A party may move to dismiss a complaint based on a defense founded on documentary evidence, such as an insurance policy (CPLR § 3211 [a] [1]) and while accepting the facts as true and affording plaintiff every favorable inference, the four corners of the complaint fail to cognizable state a cause of action (CPLR § 3211 [a] [7]).

Under the policy provisions, only the building (§A.1.[a]) and Albert's personal business property (§A.1.[b]) are "covered property," and not the personal property of others (NYSCEF 13, p.9). Section H.5 [b] of the policy shortened the statute of limitations for commencing *any* legal action against NYPIUA to two years from the date of direct and physical loss (NYSCEF 13,

pp.26-27). Therefore, the statute of limitations was shortened for *all* causes of action in Albert's third-party complaints, regardless of when each cause of action accrued.

Therefore, based on the foregoing policy provisions, since the personal property of plaintiffs is excluded from coverage and Albert's third-party actions are untimely, all third-party complaints must be dismissed under CPLR § 3211 [a] [1] and [7].

Alternatively, if the Court does not dismiss the third-party complaints, the declaratory judgment cause of action must be dismissed as it is duplicative of the breach of contract cause of action, which affords plaintiff an adequate remedy at law.

### b) **Madeline Albert**

Albert argues the motions should be denied because plaintiffs' losses for their personal property were not specifically excluded from coverage in §A.2.[a] through [q] (NYSCEF 13, p.9-11). Therefore, since there is an ambiguity between §A.1.[c] [1] and [2] and §A.2. *et seq.*, it must be construed against NYPIUA.

Further, it is argued that the statute of limitations for a breach of contract accrues at the time of the breach. Here, the breach occurred on 8/27/2024 when the denial letter was issued by NYPIUA. Therefore, the two-year statute of limitations within the policy did not start to run until 8/27/2024. Albert also argues that plaintiffs' actions were timely commenced within the statute of limitations, which renders the third-party actions timely. However, as "Ms. Albert was relocated as a result of the fire…[plaintiffs were] unable to serve Ms. Albert." When Albert learned of the lawsuits in the Spring 2024, she immediately forwarded the [lawsuits] to NYPIUA for indemnification (NYSCEF 41, p.11).

The declaratory judgment cause of action should not be dismissed because it seeks a declaration that the policy affords coverage to Albert for plaintiffs' loss of their personal

property. The breach of contract and indemnity causes of action seek compensatory damages if Albert is held liable to and must pay plaintiffs for their losses.

### c) NYPIUA's Reply

In addition to reiterating its original position, NYPIUA points out that Albert misconstrues the coverage and statute of limitations policy provisions.

The policy language is clear, "no one" may bring a lawsuit against NYPIUA unless it is commenced within two years of the loss. Even if plaintiffs, who are not named insureds under the policy, could commence a legal action against NYPIUA, they did not commence their lawsuit against NYPIUA directly within two years of the date of loss. The breach of contract cases relied upon by Albert concerning the statute of limitations are irrelevant because the Court was not construing a shortened time frame in an insurance policy.

The declaratory judgment is duplicative of the breach of contract claim because the Court must determine that the policy covers plaintiffs' losses to find a breach and thereafter award compensatory damages if Albert is held liable to plaintiffs.

## Law and Analysis

### a) CPLR § 3211 [a] [1]

"A motion pursuant to CPLR § 3211 [a] [1] to dismiss the complaint on the ground that the action is barred by documentary evidence may be [appropriately] granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense, as a matter of law" (*Karpovich v City of New York*, 162 AD3d 996, 997 [2d Dept 2018] *citing Mawere v Landau*, 130 AD3d 986, 987 [2d Dept 2015]; *see also Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007] [The construction of an unambiguous contract is a matter of law.] and *Goshen v Mutual Life Insurance Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "To

constitute 'documentary' evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and other papers, the contents of which are essentially undeniable" (*Karpovich v City of New York*, 162 AD3d at 997-998; *see Prott v Lewin & Baglio*, 150 AD3d 908, 909 [2d Dept 2017]). Although an insurance policy is also documentary evidence, extraneous documents such as policy notices, which are effectively letters, are not (*see Magee-Boyle v Reliastar Life Ins. Co. of NY*, 173 AD3d 1157, 1159-1160 [2d Dept 2019]). Affidavits submitted in support of such motion do not qualify as documentary evidence because their "contents can be controverted by other evidence, such as another affidavit" (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2d Dept 2017]; *Prott v Lewin & Baglio*, 150 AD3d at 909).

### b) CPLR § 3211 [a] [7]

Plaintiffs may submit affidavits in opposition to a motion to dismiss pursuant to CPLR § 3211 [a] [7] but it does not obligate them to do so to avoid a dismissal (*See Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Therefore, plaintiff may stand on the pleadings alone, "confident that its allegations are sufficient to state all of the necessary elements of a cognizable cause of action" to survive a motion to dismiss under CPLR § 3211 [a] [7] (*id.*). When determining a motion to dismiss pursuant to CPLR § 3211 [a] [7], the Court must accept the factual allegations in the complaint as true and "accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit into any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

However, if the Court considers evidentiary material outside the pleadings and the motion is not converted to one for summary judgment, "the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a

material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, [a] dismissal should not [be granted]" (*Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC,* 152 AD3d 478, 480 [2d Dept. 2017]).

### c) Statute of Limitations in Insurance Policies

"An agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable" *Executive Plaza, LLC v. Peerless Ins. Co.,* 22 NY3d 511, 518 [2014] [internal citations omitted]). The Court of Appeals has held that a contractual period of one year is enforceable. However, a problem with such a contractual provision may arise from the accrual date of a cause of action rather than the shorter duration of the statute of limitations itself. (*id.*).

When the Court of Appeals decided *Executive Plaza, LLC,* the question to be determined was an issue of first impression. It involved the interpretation of a fire insurance policy that limited the time in which the insured could commence an action to two years from the date of the fire. However, the policy contained another clause that permitted the insured to recover the cost of replacing destroyed property but only after the property had already been replaced. Therefore, if the process of replacing the property took more than two years, the insured's claim was time-barred before it came into existence under the policy provision. (22 NY3d 516).

The Court, citing a dissenting opinion, held that, [T]he period of time within which an action must be brought . . . should be fair and reasonable, in view of the circumstances of each particular case. . . . The circumstances, not the time, must be the determining factor" (22 NY3d 519, *quoting Continental Leather Co. v Liverpool, Brazil & River Plate Steam Navigation Co.,* 259 NY 621, 622-623 [1932] [J. Crane dissenting]; *Stonewall Contr. Corp. v Long Is. Rail Rd. Co.,* 186 AD3d 640, 642 [2d Dept 2020], *quoting Executive Plaza, LLC v Peerless Ins. Co.,* 22

NY3d 519). A shorter time period that expires before an action can be commenced is not a statute of limitation "but simply a nullification of the claim" (*Executive Plaza, LLC v. Peerless Ins. Co.*, 22 NY3d 518; *Filasky v Andover Cos.*, 230 AD3d 1297, 1299 [2d Dept 2024], *quoting D&S Restoration, Inc. v Wenger Constr. Co., Inc.*, 160 AD3d 924, 296 [2d 2018]). A cause of action for breach of contract does not accrue on the date of loss; it accrues at the time of the breach, which may be after the expiration of the contractual shorten limitation of time. Therefore, the shorter statute of limitations cannot be enforced because it cannot apply to a cause of action that does not exist on the date of loss (*Filasky v Andover Cos.*, 230 AD3d 1300). Otherwise, an insured's claim will be time-barred (or nullified) before it comes into existence (*Executive Plaza, LLC v. Peerless Ins. Co.*, 22 NY3d 516).

### d) **The interpretation of contracts and insurance policies.**

It is the function of the Court to interpret an unambiguous contract (*Chimart Associates v Paul*, 66 NY2d 570, 572-573 [1986]; *Beacon Music Co. v G. Schirmer, Inc.*, 141 AD2d 484, 486 [2d Dept 1988]). To do so, the initial question that must be answered by the Court is "whether the agreement on its face is reasonably susceptible of more than one interpretation" (66 NY2d 573). Any ambiguities in an insurance policy "are to be resolved in the insured's favor and against the insurer" (*United States Fidelity & Guaranty Company v Annunziata*, 67 NY2d 229, 232 [1986]).

### e) **Analysis**

The Court will first address the statute of limitations issue. Albert's third-party causes of action for breach of contract are timely as the claim for breach of contract did not accrue until NYPIUA issued the denial letter on 8/27/2024. Otherwise, such claims would be nullified before they existed. (*Executive Plaza, LLC v Peerless Ins. Co.*, 22 NY3d 516-518; *Filasky v Andover*

*Cos.*, 230 AD3d 1299; *D&S Restoration, Inc. v Wenger Constr. Co., Inc.*, 160 AD3d 296). Similarly, any claim for contractual indemnity under the insurance policy does not accrue until Albert makes payment on plaintiffs' claims because the cause of action is not complete until the loss is suffered (*Tedesco v A.P. Green Indus., Inc.*, 8 NY3d 243, 247 [2007]; *McDermott v New York*, 50 NY2d 211, 217 [1980]; CPLR § 213 [2]). Accordingly, Albert's third-party actions are timely.

However, affording plaintiff every favorable inference, "the insurance policy is clear and unambiguous on its face [and] not reasonably susceptible of more than one interpretation." The loss of other persons' [plaintiffs'] personal property, that is not in the care, custody and control of Albert, is not covered under the plain and unambiguous language of the insurance policy. There are no inconsistences in the policy because the "care, custody and control" language is repeated in policy provision §A.5.[b][2] that only affords cover for the personal property of others in Albert's care, custody and control, up to $2,500.00" (NYSCEF 13, p.17).

Neither party addresses the definition of the phrase "care, custody and control" within the policy. Where, as here, the phrase is undefined in the policy, the test to be applied in construing an insurance policy is "common speech" (*City of New York v Philadelphia Indem. Ins. Co.*, 54 AD3d 709, 709 [2d Dept 2008], *citing Ace Wire & Cable Co. v Aetna Casualty & Surety Co.*, 60 NY2d 390, 398 [1983]). Under this test, "care" means the undertaking of a responsibility (*see Lang v Hanover Ins. Co.*, 49 AD3d 1068, 1069 [3rd Dept 2008]) or having the right to "interfere" with the property (*see generally County of Broome v. Travelers Indem. Co.*, 58 NY2d 753, 760 [1982]). Once property is leased, the "care, custody or control" of the tenant's belongings continue "in their hands" and the fact that a landlord may retain a master key for access to a leased premises, does not subject their personal property to the "care, custody or control of the

landlord" (*id.*). Another litmus test to determine whether an insured had "care, custody or control" of personal property of another is whether the insured had the right to use it (*Dubay v Trans-America Ins. Co.,* 75 AD2d 312, 319 [2d Dept 1980]).

The foregoing definitions render Albert's interpretation of the policy language that it covers the plaintiffs' personal property [in their apartments] is without merit. (*Beacon Music Co. v G. Schirmer, Inc.,* 141 AD2d 486). Therefore, since the third-party complaints do not allege that the plaintiffs' personal property was in Albert's care, custody and control, or state facts that could be liberally construed as such, these complaints fail to state any viable and cognizant causes of action covered by the policy of insurance arising out of the 8/12/2022 fire (*Leon v Martinez,* 84 NY2d 88; CPLR § 3211 [a] [7]).

The insurance policy's clear and unambiguous language also establishes that there is no endorsement affording coverage to Albert or other persons for personal injuries such as emotional distress or incidental damages related thereto such as lost wages and homelessness as alleged in plaintiffs' complaint. This policy strictly covered the building, Albert's personal business property, and the property of others within Albert's care, custody and control. Therefore, the insurance policy also utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a documentary defense, as a matter of law (*Karpovich v City of New York,* 162 AD3d 997; CPLR § 3211 [a] [1]).

Based on the foregoing, Albert's third-party complaint is dismissed in its entirety. The Court has considered the parties' remaining arguments and finds same to be rendered academic or without merit.

Accordingly, it is hereby

ORDERED that NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATIONS' motions to dismiss defendant/third-party plaintiff MADELINE ALBERT's third-party complaints are granted in their entirety (MS 001, 003 and 004).

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Anne J. Swern, J.S.C.
**Dated: 6/26/2025**

For Clerks use only:

MG _____

MD _____

Motion seq. # _____